Allread, J.
Plaintiffs, James K. Grove and others, land-owners within the bounds of the taxable territory of what is designated as the “ Brice & Columbus Freepike” road improvement, situate wholly in Franklin county, commenced an action in the Common Pleas Court of Franklin County, to enjoin the defendants, Henry Leidy et ah, as Boad Commissioners, from laying out, etc., said free turnpike road improvement.
*273 The cause was tried in this court upon the pleadings and an agreed statement of facts.
This improvement was sought to be constructed under the exception in the act of May 1, 1894, (91 Ohio Laws, 190), limited to counties containing a city of the first grade of the second class. Franklin county, which contains the city of Columbus, is the only county now coming within the terms of this exception.
The pleadings and agreed statement of facts show, in brief, that'if the exception applicable to Franklin county, governs, the petition upon which the County Commissioners acted, in the appointment of said road commissioners, was signed by a majority of the land-holders within the bounds of the road; on the other hand, if that exception is to be disregarded, then additional land-holders are included within the limits of the road, so that the signers of said petition do not constitute the requisite majority prescribed by section 4774 of the Revised Statutes.
It is conceded that a petition signed by a majority of the land owners within the bounds of the road is a necessary prerequisite to the jurisdiction of the County Commissioners in the appointment of road commissioners under section 4775 of the Revised Statutes.
The sole question, therefore, presented in this case is, whether the second exception contained in section 4786, as amended May 1, 1894, is constitutional.
This exception, by its terms, is limited to counties containing cities of the first grade of the second class.
We do not find it necessary to determine whether an act, purely local, dealing with territory only, would be valid or not.
We are clearly of the opinion that the act of May 1, 1894, is a law of a general nature. Section '4786 is a part of a general system of building pikes, known as “ the one mile pike assessment” law. It is applicable to the whole state. The act of May 1, 1894, amending section 4786 upon its enactment, *274 assumed its place in chapter 7, of article 7, of the Revised Statutes, entitled “ one mile assessment pikes/7 and thus became a part of it.
The manner and form of this enactment fix the legislative purpose, and determine it to be a law of a general nature.
Such a law is required by the constitution to have a uniform operation throughout the state.
This uniform operation, however, does not prevent a proper classification of objects, persons or localities. It has been settled by the Supreme Court that such classification is allowable, but aslaid down by Hickman, J., in Costello v. Wyoming, 49 Ohio St. 202, it “ must be just and reasonable and not arbitrary.77 And also that it “ shall be upon some apparent natural reason, — some reason suggested by necessity, by such a difference in the situation and the circumstances of the subjects, placed in different classes as suggests the necessity or propriety of different legislation with respect to them.
It is further said that it cannot be “ sanctioned as a pretext for evading the limitation of special legislation.77 Apply the test then; is there any apparent reason — any reason suggested by necessity, why a county containing a city of the first grade, of the second class, should be governed by one system of pike laws, and the balance of the state by another ? It is contended that the requirements and necessities of a county containing a large city like Columbus, may be very different as to pike laws, from those of outlying, thinly settled counties of the state.
This pre-supposes that Franklin county alone, is thickly settled, having parallel roads and connecting roads closely interwoven, while the balance of the state is sparsely settled without such parallel unconnected or connecting roads within the limits of the one mile pike assessment law.
■ If the supposition were true in fact, there would be grounds for sustaining the classification as reasonable. But there are three counties containing more populous cities than Colum *275 bus, which by the terms of this act are to be governed by the same rules as to pikes as the sparsely settled counties.
This act in effect says that as to counties containing a smaller city than Columbus, and in counties containing a larger city than Columbus, pikes shall be constructed upon the petition of the majority of land-owners within one mile upon either side, without regard to parallel unconnected roads, while in Franklin county they shall be constructed upon the petition of the majority of the land-owners within -one-half the distance to a connecting or parallel disconnected road. If this distinction can be sustained, then it will be proper to single out any other county in the state by reference to its population, or to the class, or population of a city located in it, and enact a different system for the construction of pikes therein. By this means we might have different pike systems in each county in the state.
The plan of taxing districts embodied in the exception under consideration, was prior to February 8, 1894, (91 O. L. 18), in substance the system provided for the whole state.
At that time the legislature amended the section and thereby extended the taxing district or pike limits, to one mile upon either side of the improvement. We must presume that there was a sufficient reason for this general act, and that the necessities and requirements of the people of the state demanded it, but if it is proper in the building of pikes outside of Franklin county to extend the taxing limit to one mile on either side of the improvement without regard to parallel roads, why not in Franklin county also ? It is no more unjust to tax a land-owner who has an improved road, for the construction of another improved road a mile distant, in Franklin county, than in any other county in the state. The over-lapping of road districts and consequent double taxation, as pikes are being built, would apply equally well in every county in the state. The distinction attempted to be drawn in favor of Franklin county, we think, is illusory, arbitrary and not founded in reason.
O. J. Marriott and E. L. Taylor, for plaintiffs.

Donaldson & Tussing, contra.

Disregarding the form of the act and looking to its ■ substance, we may apply the characterization by Williams, J., of the act in the Summit county case, in 49 Ohio St., on page 99 : “ It is' the experiment of a new scheme, general in its nature, and local in its application.”
The classification of cities as made by the legislature and sustained by the courts, is based upon a construction of a clause of the constitution giving the legislature power for the organization of cities. We do not think the classification so allowed should be extended to counties, at least to the extent that it has-been allowed for cities. We conclude, therefore, that the exception applicable to Franklin county is in contravention of article 2, section 26, of the constitution, and, therefore, void.

Perpetual injunction granted.